## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: ZIMMER HOLDINGS, INC. SECURITIES, DERIVATIVE AND EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION | Master File No. 1:09-ml-06000-SEB-DML  MDL No. 2055 |
| THIS DOCUMENT RELATES TO: | |
| JONATHAN M. DEWALD, On Behalf of Himself And All Others Similarly Situated, | Civil Action: 1:09-cv-0745-SEB-DML |
| Plaintiff, | |
| vs. | |
| ZIMMER HOLDINGS, INC., et al., | |
| Defendants. | |

## AGREED PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential material, and ensure that protection is afforded only to material so entitled, the undersigned parties agree to this Protective Order and the Court enters this Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure.

The parties agree that good cause exists for this Protective Order to preserve the legitimate proprietary and privacy interests of the parties and their sources of information that have not been released to the public and for which the parties may mutually seek production through their respective discovery requests. The Court specifically finds that sufficient good cause exists for this Protective Order to be entered and for the manner in which the parties have agreed to treat documents exchanged between themselves. The Court reserves further decision

on whether good cause has been shown to maintain the secrecy of any subset of the discovery materials that "may influence or underpin the judicial decision" on the merits or in any pre-trial motion. *See Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). The Court now finds and orders as follows:

1. **Discovery Materials**

This Order applies to all products of discovery and all information derived therefrom, including, but not limited to, all documents, data compilations, computer disks, objects or things, deposition testimony, interrogatory/request for admission responses, or any other media on which information is recorded, and any copies, excerpts or summaries thereof, obtained by any party pursuant to the requirements of any court order, requests for production of documents, requests for admissions, interrogatories, or subpoena.

This Order is limited to the litigation or appeal of the action *DeWald v. Zimmer Holdings, Inc., et al.*, Case No. 1:09-cv-00745 SEB-DML (the "Litigation"). All information which is or has been produced or discovered in the Litigation, regardless of whether designated "Confidential," shall be used by the receiving party solely for the prosecution or defense of the Litigation, and shall not be used by any such party, their counsel of record or any other person to whom such material is disclosed for any other purpose, unless the information is available to the general public without a breach of the terms of this Order, or is the subject of written agreement between the parties' counsel regarding its use in related litigation. The measures designated by the parties in this Order are reasonable and will not prejudice anyone or unduly burden the Court.

2.      **"Confidential Discovery Materials" Defined**

For the purposes of this Order, "Confidential Discovery Materials" means discovery materials that have been designated Confidential pursuant to this Order. A party may designate as "Confidential" any discovery material that constitutes trade secrets or otherwise meets the definition of materials falling within the "categories of bona fide long-term confidentiality" as explained in the Seventh Circuit's decisions in *Baxter Int'l v. Abbott Laboratories*, 297 F.3d 544 (7th Cir. 2002), *Union Oil Co. of California v. Leavell*, 220 F.3d 562 (7th Cir. 2000), *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999), and related cases. The documents and information that will be produced in this Litigation are likely to contain sensitive information associated with Zimmer Holdings, Inc.'s business operations and products, as well as private information concerning benefit plan participants and beneficiaries, including social security numbers, mailing addresses, telephone addresses and other private, confidential information for which it is reasonable to expect some protection from disclosure.

The terms of this Order shall in no way affect the right of any person (a) to withhold information on alleged grounds of immunity from discovery such as, for example, attorney/client privilege, work product, or legitimate and legally protected privacy rights of third parties; or (b) to withhold information on alleged grounds that such information is neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.

3.      **Designation of Documents as "Confidential"**

For the purposes of this Order, the term "document" means all tangible items, whether written, recorded or graphic, whether produced or created by a party or another person, whether produced pursuant to subpoena, pursuant to discovery request, by agreement, or otherwise.

BDDB01 5962253v1

Any document that the producing person intends to designate as Confidential shall be stamped (or otherwise have the legend recorded upon it in a way that brings the legend to the attention of a reasonable examiner) with a notation substantially similar to the following:

**Confidential-Subject to Protective Order in 1:09-cv-00745 SEB-DML**

Such stamping or marking will take place prior to production by the producing person, or subsequent to selection by the receiving party for copying. The stamp or mark shall be affixed in such a manner as not to obliterate or obscure any written material.

**4.     Non-Disclosure of Confidential Discovery Materials**

Except with the prior written consent of the party or other person originally producing Confidential Discovery Materials, or as hereinafter provided under this Order, no receiving party shall disclose Confidential Discovery Materials, or any portion thereof, to any person, except as set forth in Section 5 below.

**5.     Permissible Disclosures of Confidential Discovery Materials**

Notwithstanding Section 4 of this Order, a receiving party may disclose or allow Confidential Discovery Materials to be disclosed to the following:

> a.     counsel of record for the receiving party in this Litigation and his/her partners, associates, secretaries, legal assistants, and employees to the extent considered reasonably necessary to render professional services in the Litigation;
>
> b.     court officials involved in this Litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);
>
> c.     any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;
>
> d.     persons noticed for depositions or designated as trial witnesses, or those whom counsel of record in good faith expect to testify at deposition or trial, only to the extent reasonably necessary in preparing to testify; and

    e.  subject to the limitations below, outside consultants or outside experts retained for the purpose of assisting counsel of record or inside counsel of the parties in the Litigation.

Any individual to whom disclosure is to be made under subparagraphs (c) through (e) above shall sign, prior to such disclosure, a copy of the Endorsement of Protective Order, attached as Exhibit A. Counsel providing access to Confidential Discovery Materials shall retain copies of the executed Endorsement(s) of Protective Order. Any party seeking a copy of an endorsement may make a demand setting forth the reasons therefore, and the opposing party will respond in writing. If the dispute cannot be resolved, the demanding party may move the Court for an order compelling production upon a showing of good cause. This Order shall not restrict or limit the use or disclosure by a disclosing party of its discovery or information, including its Confidential Discovery Materials.

  **6.**  **Production of Confidential Materials by Non-Parties**

Any non-party who is producing discovery materials in the Litigation may agree to and obtain the benefits of the terms and protections of this Order by designating as "Confidential" the discovery materials that the non-party is producing, as set forth in Section 3.

  **7.**  **Inadvertent Disclosures**

The parties agree that the inadvertent production of any discovery materials that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine or any other relevant privilege or doctrine shall not itself constitute a waiver of the applicable privilege or doctrine. If any such discovery materials are inadvertently produced, the recipient of the discovery materials agrees that, upon request from the producing party, it will promptly return the discovery materials and all copies of the discovery materials in its possession, delete any versions of the discovery materials on any database it maintains and make no use of the information contained in the discovery materials; provided, however, that the party returning

such discovery materials shall have the right to apply to the Court for an order that such discovery materials are not protected from disclosure by any privilege. The person returning such material may not, however, assert as a ground for such motion the fact or circumstances of the inadvertent production.

The parties further agree that in the event that the producing party or other person inadvertently fails to designate discovery materials as Confidential in this or any other litigation, it may make such a designation subsequently by notifying all persons and parties to whom such discovery materials were produced, in writing, within 30 days of the producing party's discovery of such inadvertent disclosure. After receipt of such notification, the persons to whom production has been made shall prospectively treat the designated discovery materials as Confidential, subject to their right to dispute such designation in accordance with paragraph 8.

### 8. **Declassification**

Any person challenging the designation of discovery materials as Confidential shall notify the designating party of such challenge in writing, specifying by exact Bates number(s) of the discovery materials in dispute and the reason(s) why removing the designation is necessary to protect or further the interests of the challenging party in the Litigation. The designating party shall respond in writing within 20 days of receiving this notification.

If the parties are unable to amicably resolve the dispute, the party opposing the designation may seek an appropriate order from the Court on the ground that the discovery material does not constitute Confidential Discovery Material as defined in this Order. On such a motion, the designating party will bear the burden of establishing the confidentiality of the challenged material.

Any party or interested member of the public may, by motion, request that the Court examine any document which has been designated as Confidential so that the Court may

determine its status as a Confidential document during the pre-trial stage of the litigation. If an interested member of the public makes such a challenge, the party who designated the material as Confidential Discovery Material shall be allowed to oppose any such challenge.

### 9. Confidential Discovery Materials in Depositions, Filings and Trial

In the event that Confidential Discovery Materials are included with, or the contents thereof are in any way disclosed in, any pleading, motion, deposition transcript or any other paper filed with this Court, such Confidential Discovery Materials shall be filed in accordance with Local Rule 5.3. All materials filed under seal shall remain so until a dispositive ruling is issued in the Litigation. At that time, the parties may be notified by the Court that sealed materials submitted to the Court in connection with its ruling will be unsealed in the absence of good cause for continued sealed treatment. Following notification by the Court, the party requesting continued sealed treatment shall show cause no later than 14 days from the notification why any and all sealed materials submitted should not be unsealed, consistent with the standards of *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002), and *Union Oil Co. v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000), and similar cases recognizing the public interest in court records, especially those filed with a court as the basis for its decisions. Any such showing shall be as specific as possible and shall maximize the volume of material to be unsealed.

All Confidential Discovery Materials filed with or submitted to the Court shall be conspicuously marked "CONFIDENTIAL PURSUANT TO COURT ORDER" prior to filing or submission and shall be accompanied by a written request that the material be placed under seal. Following the close of discovery and prior to trial, the parties shall stipulate to a modification of this Order as to the handling of Confidential Discovery Materials at trial or any other court

hearing involving this Litigation. Any request to submit documents under seal at trial shall be submitted to the trial judge.

Depositions or other testimony may be designated Confidential by (a) stating orally on the record that the information is Confidential on the day the testimony is given; (b) sending written notice designating the information as Confidential within 30 days after the testimony is given or first transcribed; or (c) notifying all counsel in writing within 30 days after the designating party receives a copy of the deposition or other transcript by reference to page and line of the transcript. Further, transcripts of depositions and information provided in depositions shall be treated as Confidential until 30 days after the testimony was given or first transcribed in order to allow time to provide the written notice designating it as Confidential.

### 10. **Subpoena by Other Courts or Agencies**

If another court or an administrative agency subpoenas or otherwise orders production of Confidential Discovery Materials which a person has received under the terms of this Order, the person to whom the subpoena or other process is directed shall promptly notify and provide a complete copy of the subpoena to the designating party. If the designating party wishes to object, it must do so within 14 days, with a copy to the entity that produced such subpoena. In no event shall Confidential Discovery Materials be produced if written notice of objection by the designating party is received within that time period; however, the designating party objecting to production shall have the responsibility to make any necessary court filings and/or motions to secure appropriate objections to the production of the Confidential Discovery Materials and if it fails to do so, the party receiving the subpoena may comply if it must do so to avoid being sanctioned or at risk of other legal penalties for its failure to comply with the subpoena.

11.     **Non-termination**

This Order shall survive the final conclusion of the Litigation and shall continue in full force and effect, and the Court shall retain jurisdiction to enforce this Order.  In the event of transfer of the Litigation to the United States District Court for the Northern District of Indiana prior to the final conclusion of the Litigation, the parties agree that this Order will remain in effect and that Court will have jurisdiction to enforce this Order as if the Order was originally entered in that Court.  Within 90 days after the final conclusion of this Litigation, counsel for any party seeking return of its discovery materials (including Confidential Discovery Materials) shall make a written request for return of such materials by identifying the specific Bates numbers for documents it wants returned by the opposing party.  The opposing party shall have 90 days following receipt of such a request to comply.  The parties' counsel may retain, on the condition that they will maintain the confidentiality of such material and will not use such material in contravention of the provisions of this Order, (a) any privileged attorney work product they have created which incorporates an opposing party's discovery materials, and (b) archive copies of all deposition transcripts and exhibits, Court transcripts and exhibits, and documents and other materials submitted to the Court that contain Confidential Discovery Materials.  Such materials shall continue to be treated as designated under this Order.

12.     **Modification Permitted**

Nothing in this Order shall prevent any party or other person from seeking modification of this Order.

13.     **Responsibility of Attorneys; Copies**

The attorneys of record are responsible for employing reasonable measures to control and record, consistent with this Order, duplication of, access to, and distribution of Confidential Discovery Materials, including abstracts and summaries thereof.  No duplications of Confidential

Discovery Materials shall be made except for providing working copies and for filing in Court under seal. All copies of Confidential Discovery Materials shall be destroyed upon completion of the purpose for which such copy was provided.

### 14. **Improper Disclosure of Confidential Discovery Materials**

Disclosure of Confidential Discovery Materials other than in accordance with the terms of this Protective Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

### 15. **Section Captions**

The title caption for each section of this Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the Order.

SO ORDERED.

Dated: 12/28/2009

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Scott D. Gilchrist
COHEN & MALAD LLP
Email: sgilchrist@cohenandmalad.com

Irwin B. Levin
COHEN & MALAD LLP
Email: ilevin@cohenandmalad.com

Richard E. Shevitz
COHEN & MALAD LLP
Email: rshevitz@cohenandmalad.com

Thomas James McKenna
GAINEY & MCKENNA
Email: tjmckenna@gaineyandmckenna.com

Karen Pieslak Pohlmann
MORGAN LEWIS & BOCKIUS LLP
Email: kpohlmann@morganlewis.com

Matthew Thomas Albaugh
BAKER & DANIELS - Indianapolis
Email: matthew.albaugh@bakerd.com

Simon J. Torres
MORGAN, LEWIS & BOCKIUS LLP
Email: storres@morganlewis.com

Brian T. Ortelere
MORGAN LEWIS & BOCKIUS LLP
Email: bortelere@morganlewis.com

Christopher A Weals
MORGAN LEWIS & BOCKIUS, LLP
Email: cweals@morganlewis.com

James H. Ham , III
BAKER & DANIELS - Indianapolis
Email: jhham@bakerd.com

Jill M. Baisinger
MORGAN LEWIS & BOCKIUS LLP
mail: jbaisinger@morganlewis.com

Marc J. Sonnenfeld
MORGAN LEWIS & BOCKIUS LLP Email: msonnenfeld@morganlewis.com

Paul A. Wolfla
BAKER & DANIELS - Indianapolis
Email: paul.wolfla@bakerd.com

Troy S. Brown
MORGAN LEWIS & BOCKIUS LLP
Email: tsbrown@morganlewis.com

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| In re ZIMMER HOLDINGS, INC. SECURITIES, DERIVATIVE AND EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION ) ) ) ) ) ) | Master File No. 1:09-ml-06000-SEB-DML MDL No. 2055 |
| THIS DOCUMENT RELATES TO: 1:08-cv-1041 SEB-DML – Plumbers & Pipefitters 1:08-cv-0745 SEB-DML – Jonathan M. DeWald ) ) ) ) ) | |

## EXHIBIT A

## ENDORSEMENT OF PROTECTIVE ORDER

I hereby attest to my understanding that information or documents designated Confidential are provided to me subject to the Protective Order ("Order") dated _____ \_\_\_\_\_, 20\_\_\_, in the above-captioned litigation ("Litigation"); that I have been given a copy of and have read the Order; and that I agree to be bound by its terms. I also understand that my execution of this Endorsement of Protective Order, indicating my agreement to be bound by the Order, is a prerequisite to my review of any information or documents designated as Confidential pursuant to the Order.

I further agree that I shall not disclose to others, except in accord with the Order, any Confidential Discovery Materials, in any form whatsoever, and that such Confidential Discovery Materials and the information contained therein may be used only for the purposes authorized by the Order.

2

I further agree to return or destroy all copies of any Confidential Discovery Materials I have received to counsel who provided them to me upon completion of the purpose for which they were provided and no later than the conclusion of this Litigation.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such discovery material will continue even after this Litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure.  I agree to be subject to the jurisdiction of the United States District Court, Southern District of Indiana, for the purposes of any proceedings relating to enforcement of the Order.

I further agree to be bound by and to comply with the terms of the Order as soon as I sign this Endorsement, regardless of whether the Order has been entered by the Court.

Date: _____

By: _____

Print: _____